# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
(609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

## LETTER OPINION AND ORDER

December 13, 2013

Thomas I. Gage, *pro se*
PO Box 4210
Warren, NJ 07059

Scott D. Rodgers, Esq.
Cooper and Rodgers, P.C.
25 West High Street
PO Box 1034
Somerville, NJ 08876

Brian P. Wilson, Esq.
State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
PO Box 112
Trenton, NJ 08625

Gregg Philip Tabakin, Esq.
Fein, Such, Kahn & Shepard, PC
7 Century Drive
Suite 201
Parsippany, NJ 07054

Anna N. Carley
Houser & Allison APC
One Gateway Center
Suite 2500
Newark, NJ 07102

      **RE:**    Gage v. Provenzano, *et al.*
              **Civil Action No.: 13-2256 (FLW)**

Dear Litigants:

Before the Court is the latest Complaint filed by Plaintiff Thomas Gage ("Gage") arising out of the foreclosure and sale of his previously owned property at 51 Hillcrest Blvd in Warren, New Jersey. Several Defendants have filed motions to dismiss the Complaint, which I address in this Letter Opinion and Order. I note that none of Defendants' motions to dismiss has been opposed by Gage; however, in the interest of finally putting this litigation to rest, I provide my reasons for granting Defendants' motions below. Because I write for the benefit of the parties, who are intimately familiar with the facts of this case, I set forth only those facts and the procedural history relevant to deciding Defendants' motions. Moreover, many of the legal concepts raised in this Complaint were explained in my previous decisions, and thus I elaborate on the applicable law only where further clarity is needed.

As the parties well know, in 2008, Gage defaulted on his mortgage for property located at 51 Hillcrest Blvd in Warren, New Jersey (the "Property"), and Defendant Wells Fargo, the assignee of the mortgage, filed a foreclosure complaint in the Superior Court of New Jersey. In that state court action, Gage failed to file a responsive pleading or contest the matter in any way. Thus, a final judgment of foreclosure was entered on April 13, 2010. A Sheriff's Sale was then held on July 6, 2010, and the Property was sold to Wells Fargo. Yet, despite these proceedings, Gage refused to leave the Property. Accordingly, Gage and his family were evicted by Defendant Sheriff Frank J. Provenzano in August, 2011, and the Property was later sold to another party, Luke and Helena Andersen, in October, 2011. Since the foreclosure action, Gage has filed numerous complaints in state and federal court challenging the foreclosure, the sheriff's sale, and his eviction, inlcuding complaints in this Court against, *inter alia*, Wells Fargo and Provenzano. In resolving the most recently filed Complaint—against Wells Fargo and the Andersens, *see Gage v. Wells Fargo Bank*, Civ. No. 12-777, 2013 WL 3443295 (D.N.J. July 9, 2013)—the Court found it necessary and appropriate to issue an All Writs Act, 28 U.S.C. § 1651, injunction against Gage, enjoining Gage, as a *pro se* litigant, from filing any claims involving the foreclosure action of the Property, without prior leave of the Court. Because Gage filed the instant Complaint prior to the entry of the Court's All Writs Act Injunction, I address Gage's claims in the Complaint, even though they would otherwise be barred under my Injunction.

In the Complaint, Gage asserts a variety of claims against the following Defendants: (1) Wells Fargo Bank, N.A.; (2) Somerset County Sheriff Frank J. Provezano; (3) the firm Fein, Such, Kahn & Shepard, P.C., as well as certain individual attorneys, Nicholas J. Canova, Esq., and Gregg P. Tabakin, Esq. (the "Fein Defendants"); and (4) State Judge Mary C. Jacobson. All of these Defendants were involved in the foreclosure and sale of the Property: Wells Fargo held Gage's mortgage and purchased the Property at the sale; Provenzano evicted Gage from the Property; Fein, P.C., Canova, and Tabakin represented Wells Fargo in the foreclosure and sale of the Property, and in the ensuing federal litigation; and Judge Jacobson presided over the foreclosure. And all of these Defendants, except for the Fein Defendants, were previously named as parties in lawsuits filed by Gage relating to the foreclosure and sale of the Property.

Gage's claims against Judge Jacobson are barred under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(holding that judicial immunity is an immunity from suit, not just from ultimate assessment of damages). The basis for Gage's claims against Judge Jacobs arise solely from the exercise in her judicial capacity her entry of the foreclosure order on the Property. *See, e.g.*, Compl., 34 ("State Judge Mary Jacobson ha[s] allowed the Plaintiff's foreclosure case to be uncontested and voluntarily and negligently inflicted tortuous [*sic*] and criminal actions onto Plaintiff . . . ."). Thus, Judge Jacobson is entitled to absolute judicial immunity. *See Howell v. Young*, 530 F. App'x 98, 100 (3d Cir. 2013). For this reason, the claims against Judge Jacobson are dismissed.

I can also readily dispose of Gage's claims against Defendants Wells Fargo[1] and Sheriff Frank J. Provenzano. Gage has previously filed actions in this court that included several claims against Wells Fargo and Provenzano as defendants. *See Gage v. Wells Fargo Bank*, Civ. No. 12-777, 2013 WL 3443295; *Gage v. Provenzano*, Civ. No. 11-862, 2012 WL 715895 (D.N.J. March 5, 2012). Significantly, Gage and Wells Fargo, and Gage and Provenzano, were parties in the respective previous and instant actions; the claims asserted in this action are identical to those asserted in the previous actions and/or arise out of the same nucleus of operative facts, to wit, the foreclosure and sale of Gage's property; Gage had an opportunity to, and did, litigate his claims in the previous actions; and it is undisputed that this Court was competent to hear Gage's claims in the previous litigation. For these reasons, Gage's attempt to assert the same and other additional claims against Wells Fargo here are barred by the doctrines of claim preclusion and issue preclusion. *See United States v. Athlone Indus. Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (claim preclusion); *Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995) (issue preclusion). Accordingly, Gage's claims–whether previously asserted or new–against Defendants Wells Fargo and Provenzano are dismissed.[2]

Against the Fein Defendants, Gage asserts (1) a civil RICO claim; (2) a violation of the Rules of Professional Conduct based in fraud; (3) and violations of his due process and equal protection rights. Each of these claims is grounded in the Fein Defendant's role in the foreclosure and sale of the Property.

---

[1] The Clerk of the Court entered default against Wells Fargo for failure to plead or otherwise defend; Wells Fargo has since timely moved to vacate default. Having reviewed the unopposed motion, I grant Wells Fargo's motion and vacate the Clerk's entry of default.

[2] This includes Gage's claims based on civil RICO as well as the Fair Housing Act ("FHA"). Indeed, Gage's civil RICO claim also fails for the additional reasons explained above. With respect to Gage's FHA claims, it is unclear whether Gage is attempting to bring these claims in a criminal capacity—if so, those claims must be dismissed because the FHA is a civil, not criminal, statute, *see* 42 U.S.C. §§ 3601 *et seq.*, and because Gage cannot bring criminal causes of action as a private citizen. To the extent Gage is also asserting civil violations of the FHA, those claims are without merit. The FHA applies to discrimination against protected class members in the housing context, *see id.*; however, there is nothing in the Amended Complaint that supports a claim of a FHA violation against any Defendant. Gage has not alleged, and does not appear to be able to allege, facts supporting such a claim, *e.g.*, that he is a member of a protected class. Accordingly, Gage's FHA claims are dismissed on this additional basis.

With respect to Gage's criminal claims, in the instant Complaint, Gage is once again proceeding *pro se*, and additionally has styled himself as a "private attorney general." It is unclear to this Court the basis for or meaning of such a designation—Gage apparently relies on it to bring criminal claims as a private citizen. As explained in my earlier decision related to the same facts as here, a private citizen has no right to bring criminal claims in federal court. *See Gage v. Wells Fargo Bank*, 2013 WL 3443295, at *7 (citing cases). The fact that Gage has adopted the title private attorney general does not alter this fact. *See Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011) (discussing "private attorney general" as term of art allowing private citizen to collect attorneys fees in limited circumstances, not an authorization to bring criminal complaints). Accordingly, each and all of Gage's claims in the Complaint predicated on criminal statutes are dismissed.

Gage also brings civil RICO claims against all Defendants generally. *See* Compl., 40-42. Civil RICO, 18 U.S.C. § 1962(c), requires proof of four elements: (1) the existence of an enterprise engaged in or affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that the defendant participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts. *Annulli v. Panikkar*, 200 F.3d 189, 198 (3d Cir. 1999). Although Gage lists several crimes, which may or may not serve as predicate acts under RICO, he provides no facts showing that any of Defendants committed these crimes, and further review of the Complaint reveals no other facts or allegations relating to any of the RICO elements. Accordingly, Gage's civil RICO claims are dismissed as to all Defendants.

Gage also argues that the Fein Defendants deprived him of his constitutional rights under color of law, and/or conspired to do so, although Gage does not always cite 42 U.S.C. § 1983 or related statutes. Section 1983 is not a cause of action but a vehicle through which a plaintiff may bring a deprivation of rights claim against the government. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."). A § 1983 or similar claim must allege the specific right or rights that were violated. *See Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). Here, Gage has not explicitly set forth any right violated other than his due process rights relating to the foreclosure and sale of, and eviction from, his property, arguing that these Defendants committed fraud in the state court proceedings. Both this Court and the state court below have determined that the foreclosure and sale did not violate Gage's statutory or constitutional rights, and thus, under the *Rooker-Feldman* doctrine, I previously concluded that this Court was barred from considering Gage's claims arising out of the below state court proceedings.[3]

---

[3] As I explained in *Gage v. Wells Fargo Bank*, federal district courts lack subject matter jurisdiction to review and reverse state court judgments. *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). "[A] claim is barred by *Rooker-Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* "[A] federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state

The same reasoning continues to apply even against the newly named Fein Defendants in the instant Complaint. Although Gage now frames his claims as "frauds" perpetrated by Defendants in the state court action, there are simply no new facts here to distinguish his instant claims from those he raised in previous pleadings–*e.g.*, that the newly named Defendants acted contrary to law, in a tortious manner, or withheld from or misrepresented information to the state court. Indeed, Gage's constitutional claims here appear to be virtually identical to his previously alleged claims, with only Defendants' names changed, and thus remain inextricably intertwined with the state court proceedings.[4] Significantly, *Rooker-Feldman* prevents a federal district court from hearing claims inextricably intertwined with a state court judgment regardless of the defendant; thus Gage cannot bring the same collateral attack to the state court order here simply by naming different defendants, as he apparently attempts to do in the instant Complaint. Because granting Gage's request for a finding of fraud to overturn the foreclosure order and sale would invalidate or undermine a final state court judgment, this Court dismisses Gage's § 1983 and related claims in the instant Complaint under *Rooker-Feldman*.[5]

Gage's remaining claims are too vague and generalized to satisfy the applicable Rule 8(a) or Rule 9 pleading standards. Gage lists a number of fraud claims at the end of the Complaint, without the necessary specificity required under Rule 9(b). *Slim CD, Inc. v. Heartland Payment Sys., Inc*, Civ. No. 06-2256, 2007 WL 2459349, at *10 (D.N.J. Aug. 24, 2007). Similarly, Gage's other miscellaneous tort-based claims do not contain sufficient factual bases to plausibly state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-78 (2009). Moreover, it would appear that these claims are also based on the same underlying facts as Gage's other claims in the Complaint, and represent a challenge to the legitimacy of the state court order below. To the extent this is so, these claims are further barred under *Rooker-Feldman* for the above explained reasons.

Lastly, I address Gage's motion to amend, *see* Dkt. No. 11, which included a proposed pleading captioned as a "Third-Party Complaint." *See* Dkt. No. 11-1. The Third-Party Complaint is not a true Third-Party Complaint, but rather an independent pleading by Gage bringing the same claims against two new state court defendants–Judge Thomas C. Miller and Jennifer M. Perez,

---

court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Walker v. Horn*, 385 F.3d 321, 330 (3d Cir. 2004)).

[4] *Compare Gage v. Wells Fargo Bank*, No. 11-862, 2011 WL 4073877, at *5 (D.N.J. 2011) (Count I of the Complaint claims that Wells Fargo is an 'imposter' and that it does not have any 'rights' to foreclose on Plaintiff's property. In that regard, Plaintiff is attempting to rescind the underlying state court judgment. These defenses now raised by Plaintiff should have been raised at the first instance in the state foreclosure action because they are 'inextricably intertwined' with the state court's order of foreclosure.")

[5] The same applies to Gage's claim against the law firm and attorneys–Fein, P.C., Canova, and Tabakin–for a violation of Rule 8.4 of the Rules of Professional Conduct ("RPC"), based on alleged fraud, misrepresentation, and misconduct. Gage's RPC claim is based on the allegation that Defendants caused a "fraudulent sale" of the Property, *see* Compl., 37, which necessarily entails a finding that would directly undermine the validity of the state court judgment. Accordingly, this claim is also barred by *Rooker-Feldman*.

(Former) Clerk of the New Jersey Superior Court; it does not include any of the Defendants named in the original Complaint. Having reviewed the proposed Amended Complaint, I deny Gage's motion to amend on the basis that the proposed amendment fails to state a claim upon which relief can be granted. Gage's claims against the proposed new defendants are barred by *Rooker-Feldman* for the above stated reasons–namely that Gage is attempting to collaterally attack the validity of the foreclosure and sale of the Property. Furthermore, Gage also seeks to assert criminal causes of action against Judge Miller and Perez, which as I have explained, Gage has no right to pursue. Finally, Gage's claims against these defendants would also be barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. at 9. Like with Gage's other pleadings, it also appears that any attempt to cure these deficiencies would be futile. Accordingly Gage's motion to amend is denied.

For the above state reasons, the Court:
(1) **GRANTS** Wells Fargo's motion to vacate [**14**];
(2) **GRANTS** Defendants motions to dismiss [**7**], [**8**], and [**21**];
(3) **DENIES** Gage's motion to amend [**11**]; and
(4) **DISMISSES** Gage's Complaint with prejudice.

The Court further **ORDERS**, pursuant to the All Writes Act, 28 U.S.C. § 1651, for the reasons set forth in my decision on July 9, 2013 and in the instant Letter Opinion Order, that Gage be enjoined, as a *pro se* litigant, from filing any claims involving or arising out of the foreclosure action, sheriff's sale, or subsequent sale to the Andersens, of the property at 51 Hillcrest Blvd in Warren, New Jersey, without prior leave of the Court, including any claims against Wells Fargo, Sheriff Provenzano, Luke and Helena Andersen, and any of the attorneys, judges, clerks, or other judicial officers.

**SO ORDERED.**

Sincerely yours,

/s/ Freda L. Wolfson
FREDA L. WOLFSON

United States District Judge