NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK J. PROVENZANO, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 13-02256 (GC)<br><br>**MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

　　This matter comes before the Court on motions of Plaintiff Thomas I. Gage to vacate the judgment and to expedite consideration of that motion. (ECF Nos. 33, 35.) Having carefully reviewed Gage's submissions, the Court construes his motion to vacate as one for reconsideration of the Court's Letter Opinion and Order dated December 13, 2013 (ECF No. 24) and decides the motions without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Gage's motions are **DENIED**.

　　This action arose from the foreclosure and sale of Gage's previously owned property at 51 Hillcrest Boulevard in Warren, New Jersey.[1] On December 13, 2013, the Court denied Gage's motion to amend his complaint and dismissed the operative complaint with prejudice. (ECF No. 24.) In so ruling, the Court enjoined Gage under the All Writs Act, 28 U.S.C. § 1651, from filing, as a pro se litigant, "any claims involving or arising out of the foreclosure action, sheriff's sale, or

---

[1]　For a full recitation of the procedural and factual background, see the Court's December 13, 2013 Letter Opinion and Order at ECF No. 24 or *Gage v. Provenzano*, Civ. No. 13-2256, 2013 WL 6623924 (D.N.J. Dec. 13, 2013), *aff'd*, 571 F. App'x 111 (3d Cir. 2014).

subsequent sale . . . of the property at 51 Hillcrest Blvd in Warren, New Jersey, without prior leave of Court, including any claims against Wells Fargo, Sheriff Provenzano, Luke and Helena Andersen, and any of the attorneys, judges, clerks, or other judicial officers." (*Id.* at 6.[2]) The Court's December 2013 Order, including the preclusion component, was affirmed on appeal. (ECF No. 31.) *See Gage v. Provenzano*, 571 F. App'x 111, 114 (3d Cir. 2014).

On December 17, 2023, more than a decade later, Gage moved to vacate the Court's December 2013 Order, chiefly reasoning that the Order "was obtained by [f]raud upon the Court." (ECF No. 33-1 at 10.) In support, Gage challenges various parts of the Court's December 2013 Opinion, though he does not explain the delay in filing his motion. (*Id.* at 1-7.) Regardless, the motion fails for two reasons.

First, Gage raises no grounds justifying reconsideration of or setting aside the Court's previous order. Indeed, it is improper to "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Lynch v. Tropicana Products, Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). Thus, the Court denies Gage's request to reconsider or set aside the December 2013 Order.

Second, because Gage's motion involves claims related to the foreclosure action and thus subject to the preclusion order, Gage needed the Court's permission to file it without an attorney. (*See* ECF No. 24 at 6 (requiring Gage to receive "prior leave of Court").) Gage did not receive such permission. Gage does not mention the preclusion order, nor does he explain why the preclusion order should not bar his motion. Accordingly, the Court finds that Gage's recent motion

---

[2] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

to vacate is barred by the standing preclusion order, and there does not appear to be any reason for the Court to reopen this matter.

Gage's motion to expedite consideration of his motion to vacate is also denied as moot. For the reasons set forth above, and other good cause shown,

**IT IS** on this 10th day of July 2024 **ORDERED** as follows:

1. Gage's motions to vacate and to expedite consideration of that motion (ECF Nos. 33, 35) are **DENIED**.

2. The Clerk's Office is directed to **TERMINATE** Gage's motions (ECF Nos. 33, 35), mail Gage a copy of this Memorandum Order, and keep this case **CLOSED**.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**